**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**Debtor(s) Daniel & Danielle Holliday**                              Case No. 4:23-bk-11842

## Arkansas Chapter 13 Plan
### (Local Form 13-1)

_____

Original Plan ☐        Amended Plan ☒        **For an amended plan, all applicable provisions must be repeated from the previous plan(s). Provisions may not be incorporated by reference from previously filed plan(s).**

List below the sections of the plan that have been changed: 2.1
State the reason(s) for the amended plan, including any changes of circumstances below. If creditors are to be added, please complete Addendum A as well as file any appropriate amended schedules Abate payment

The Amended Plan is filed:        ☐ Before confirmation
                                  ☒ After confirmation

## Part 1: <u>Notices</u>

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.

Original plans and amended plans must have matrix(ces) attached or a separate certificate of service should be filed to reflect service in compliance Fed. R. Bankr. P. 2002.

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.** You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a written objection to confirmation with the United States Bankruptcy Court either electronically (if filer is approved for electronic filing) or at the following addresses:

- **For Eastern District cases** (Delta, Northern, or Central ***Batesville and Pine Bluff filed prior to 11/28/2019***) Divisions): United States Bankruptcy Court, 300 West 2nd Street, Little Rock, AR 72201

- **For Western District cases** (El Dorado, Fayetteville, Fort Smith, Harrison, Hot Springs, or Texarkana Divisions): United States Bankruptcy Court, 35 E. Mountain Street, Fayetteville, AR 72701

**The objection should be filed consistent with the following timelines:**

☐ **Original plan filed *at the time* the petition is filed:** Within 14 days after the 341(a) meeting of creditors is concluded.

☐ **Original plan filed *after* the petition is filed or amended plan (only if filed *prior* to the 341(a) meeting):** Within the *later* of 14 days after the 341(a) meeting of creditors is concluded or 21 days after the filing of the plan.

☒ **Amended plan:** Within 21 days after the filing of the amended plan.

**The court may confirm this plan without further notice if no objection to confirmation is timely filed.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.4, which may result in a partial payment or no payment at all to the secured creditor. | ☒ Included | ☐ Not included |
|---|---|---|---|
| 1.2 | Nonstandard plan provisions, set out in Part 8. | ☒ Included | ☐ Not included |

## Part 2: Plan Payments and Length of Plan

**2.1   The debtor(s) will make regular payments to the trustee as follows**:

**Original plan:** ~~The debtor(s) will pay $3,320 per month to the trustee~~. The plan length is 60 months.

<mark>**Amended plan: The debtors' April & May 2024 payments shall be abated.  The debtors heating and air unit has to be replaced.**  Plan payments will change to $3,800.00 per month beginning on the later of the date of filing of the amended plan or June, 2024 . The plan length is 60 months.  The period for strict compliance shall be from June 204 through October, 2024</mark>

<mark>Plan payments will change to $3,904.00 per month beginning on in August 2024 after the NPRTO-Mid-West lease  for the washer/dryer is paid off
.</mark>

**2.2   Payments shall be made from future income in the following manner:**
Name of debtor Daniel & Danielle Holliday

☒ Direct pay of entire plan payment or _____ (portion of payment) per month.

**2.3   Income tax refunds.**
☒ Debtor(s) will retain income tax refunds received during the plan term and have allocated the refunds in the budget.

**2.4   Additional payments.**
☒ **None**.  *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## Part 3: Treatment of Secured Claims

**3.1   Adequate Protection Payments.**
☐ **None.**  *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
☒ **T**he debtor(s)' plan payment to the trustee will be allocated to pay adequate protection payments to secured creditors as indicated below. The trustee shall be authorized to disburse adequate protection payments upon the filing of an allowed claim by the creditor. Preconfirmation adequate protection payments will be made until the plan is confirmed.  Postconfirmation adequate protection payments will be made until administrative fees are paid (including the initial attorney's fee). Payment of adequate protection payments will be limited to funds available.

| Creditor and last 4 digits of account number | Collateral | Monthly payment amount | To be paid |
|---|---|---|---|
| Bridgecrest Credit | 2019 Nissan Armada | $100 | ☒ Preconfirmation<br>☐ Postconfirmation |
| Ally Financial | 2016 Ford F250 | $362.00 | ☒ Preconfirmation<br>☒ Postconfirmation |
| ~~Performance Finance~~ | ~~2019 Polaris Ranger~~ | ~~$100~~ | ☒ ~~Preconfirmation~~<br>☐ ~~Postconfirmation~~ |

**3.2   Maintenance of payments and cure of default (long term-debts, including debts secured by real property that debtor(s) intend to retain).**
☐ **None**.  *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
☒ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, including any changes required by the applicable contract and noticed in conformity with any applicable rules.  These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The debtor(s) will resume payments to the creditors upon completion of the plan, pursuant to the terms of the respective agreements. Any existing arrearage will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated.
The current contractual installment payments for real estate may be increased or decreased, and the plan payment increased, if necessary, based upon information provided by the creditor and upon the absence of objection from the debtor(s) under applicable rules.  Unless otherwise ordered by the court, the amounts listed on a filed and allowed proof of claim will control over any contrary amounts listed below as to the current installment payment and arrearage amount. **If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.**

| Creditor and last 4 digits of account number | Collateral | Monthly installment payment | Monthly installment payment disbursed by | Estimated arrearage amount | Monthly arrearage payment | Interest rate, if any, for arrearage payment |
|---|---|---|---|---|---|---|

| US Bank Mortgage | Property @ 31 Shady Lane, Cabot, AR 72023 | $1,217.54 | ☐ Debtor(s) ☒ Trustee | $15,584.88 | $265.00 | - |

3.3 **Secured claims excluded from 11 U.S.C. § 506 (non-506 claims).**
   ☒ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

3.4 **Claims for which § 506 valuation is applicable**. **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**
   ☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
   ***The remainder of this paragraph will be effective only if there is a check in the box "included" in § 1.1.***
   ☒ The debtor(s) request that the court determine the value of the collateral securing the claims as listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the collateral securing the claim should be as set out in the column headed *Value of collateral*. For secured claims of governmental units, unless otherwise ordered by the court, the value of the collateral securing the claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below.
   Secured claims will be paid the lesser of the amount of the claim or the value of the collateral with interest at the rate stated below. The portion of any allowed claim that exceeds the value will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the claim amounts listed on a filed and allowed proof of claim will control over any contrary amount listed below, except as to value, interest rate and monthly payment.
   The holder of any claim listed below as having value in the column headed *Value of collateral* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of: (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Creditor and last 4 digits of account number | Collateral | Purchase date | Debt/ estimated claim | Value of collateral | Interest rate | Monthly payment | Estimated unsecured amount |
|---|---|---|---|---|---|---|---|
| Ally Financial | 2016 Ford F250 | 5/2020 | $36243.84 | $36243.84 | 10.5% | $779.02 | |
| Bridgecrest Finance | 2019 Nissan Armada | | $33,979 | $34,000.00 | 9.75% | $718.00 | |
| ~~Performance Finance~~ | ~~2019 Polaris Ranger~~ | | ~~$9,000~~ | ~~$9,000~~ | ~~5%~~ | ~~$170.00~~ | |

3.5 **Surrender of collateral.**
   ☐ **None**. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
   ☒ The debtor(s) surrender to each creditor listed below the collateral that secures the creditor's claim in accordance with 11 U.S.C. § 1325(a)(5)(C). The debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. §§ 362(a) and 1301(a) be terminated as to the collateral only. No further payments are to be made to the creditor for the secured claim. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below. Unless otherwise ordered by the court, to the extent that the debtor(s) become entitled to proceeds upon disposition of the collateral, the proceeds will be remitted to the trustee.

| Creditor and last 4 digits of account number | Collateral to be surrendered |
|---|---|
| Performance Finance | 2019 Polaris Ranger |

3.6 **Secured claims not provided treatment.** In the event that a secured claim is filed and allowed that is not provided treatment in the plan, the trustee shall pay such creditor the claim amount *without interest* after this plan in all other respects has been completed.

# Part 4: Treatment of Fees and Priority Claims

4.1 **General.**
   Trustee's fees and all allowed priority claims, including domestic support obligations, will be paid in full without postpetition interest.

4.2 **Trustee's fees.**
   The trustee's fees are governed by statute and may change during the course of the case.

4.3 **Attorney's fees.**
   The attorney's fee is subject to approval of the court by separate application. The following has been paid or will be paid if approved by the court:
       Amount paid to attorney prior to filing:    $0
       Amount to be paid by the trustee:    $4,750 + $140.25 mailing fees
       Total fee requested:    $4,890.25
   Upon confirmation, the attorney shall receive an initial fee as provided in the application and approved by the court from funds paid by the debtor(s), after administrative costs have been paid. The remaining fee will be paid at the percentage rate of the total disbursed to creditors each month provided in the application approved by the court.

   The initial fee and percentage rate requested in the application are $1,500 and 25%, respectively.

4.4 **Priority claims other than attorney's fees and those treated in § 4.5.**

   Filed and allowed priority claims (usually tax claims), including without limitation, the following listed below, will be paid in full in

accordance with 11 U.S.C. § 1322(a)(2), unless otherwise indicated.  For claims filed by governmental units, the categorization of the claim by the creditor (secured, priority, nonpriority unsecured) and amounts shall control over any contrary amounts unless otherwise ordered by the court.

**4.5  Domestic support obligations.**
☒ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1  Nonpriority unsecured claims.**
Allowed nonpriority unsecured claims shall be paid at least as much as they would receive if the debtor(s) filed a Chapter 7 case. **Allowed nonpriority unsecured claims shall be paid in full (100%) unless a different treatment is indicated below.** For above median income debtor(s), the distribution to unsecured creditors includes any disposable income pool (monthly disposable income times 60 months) from Form 122C-2, unless the debtor(s) are unable to meet the disposable income pool based on the following circumstances: _____
_____
☒ A PRORATA dividend, including disposable income pool amounts, if applicable, from funds remaining after payment of all other classes of claims; or
☐ Other.  Please specify _____.

**5.2  Special nonpriority unsecured claims and other separately classified nonpriority unsecured claims.**
☒ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3  Maintenance of payments and cure of any default on nonpriority unsecured claims.**
☒ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Contracts, Leases, Sales and Postpetition Claims

**6.1  Executory Contracts and Unexpired Leases.**
☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*
The executory contracts and unexpired leases listed below are assumed or rejected as indicated.
☒ **Assumed items.** The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by debtor(s), or by the trustee, as set forth below.  Debtor(s) propose to cure any default by paying the arrearage on the assumed leases or contracts in the amount listed on the filed and allowed proof of claim, if contrary to the amount listed below.

| Creditor | Description of contract or property | Payment to be paid by | Payment amount | Number of remaining payments | Arrearage amount | Monthly arrearage payment |
|---|---|---|---|---|---|---|
| NPRTO-Mid-West | Washer/dryer | ☒ Debtor(s) ☐ Trustee | $104.00 monthly | 13 | | |

**6.2  Sale of assets.**
☒ **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

**6.3  Claims not to be paid by the trustee.**
☒ **None.** *If "None" is checked, the rest of § 6.3 need not be completed or reproduced.*

**6.4  Postpetition claims.**
☒ **None.** *If "None" is checked, the rest of § 6.4 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

**7.1  Property of the estate will vest in the debtor(s) upon:**
☐ plan confirmation.
☒ entry of discharge.
☐ other: _____

## Part 8: Nonstandard Plan Provisions

☒ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*
***Under Bankruptcy Rule 3015.1(c), nonstandard provisions must be set forth below.  A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it.  Nonstandard provisions set out elsewhere in this plan are ineffective.***

**8.1  *The following plan provisions will be effective only if there is a check in the box "included" in § 1.2.***
The Trustee shall make all post-confirmation distributions to Ally Bank under paragraph 3.3 or 3.4 above concurrent with any regular monthly Contractual Payment(Code 21)

## Part 9: Signatures

**By filing this document, the attorney for the debtor(s) or the debtor(s) themselves, if not represented by an attorney, certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in plan form used in the Eastern and Western Districts of Arkansas, other than any nonstandard provisions included in Part 8.**

/s/ Kent Pray
_____          Date April 30, 2024
**Signature of Attorney for Debtor(s)**

## Addendum A – For Amended Plans

## Listing of Additional Creditors and Claims for Plan Purposes

Note: While additional creditors may be listed on Addendum A, the debtor(s) also must file amended schedules as appropriate.

### A.1  Prepetition Nonpriority Unsecured Claims.

The following are creditors with prepetition nonpriority unsecured claims that are added to the plan. These creditors will be provided treatment as described in Part 5.1 of the plan.

### A.2  Postpetition Nonpriority Unsecured Claims.

The following are creditors with postpetition nonpriority unsecured claims pursuant to 11 U.S.C. §§ 1305 and 1322(b)(6) that are added to the plan by the debtor(s). The creditors listed below are entitled to participate in the debtor(s)' bankruptcy case at the election of the creditor.

**A creditor may elect to participate in the plan by filing a proof of claim for the postpetition claim.  The claim will be treated as though the claim arose before the commencement of the case and will be provided treatment as described in Part 5.1 of the plan. Upon completion of the plan and case, any unpaid balance of such claim may be subject to discharge.**

CERTIFICATE OF MAILING

I, the undersigned, hereby certify that copies of the foregoing notice and attached Plan have been mailed or provided through ECF to the following:

Legal Division
Employment Security Div.
P. O. Box 2981
Little Rock, AR 72203

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101

Legal Division
Dept. of Finance & Admin.
P.O. Box 1272
Little Rock, AR 72203

U. S. Attorney
Eastern District
P. O. Box 1229
Little Rock, AR 72203

**Joseph F. Kolb**
**Attorney at Law**
**26 Valley Club Circle**
**Little Rock, AR 72212(ECF)**

**Bridgecrest Credit Company**
C/o Corporation Service Co
300 Spring Bld, Ste 900
300 S. Spring
Little Rock, AR 72201 (1st Class Mail)

**Performance Finance**
C/o Craig Griffith CEO
1515 W. 22nd
Oak Brook, IL 60523 (1st Class Mail)

Kevin Dewayne Rogers
Albertelli Law
1 Information way
Ste 201
Little Rock, AR 72202 **(ECF)**

Mark T. McCarty
Chapter 13 Standing Trustee
P.O. Box 5006
N. Little Rock, AR 72119-5006(ECF)

and to all creditors whose names and addresses are set forth below:

Dated: April 30, 2024

\s\ Kent Pray
_____
Kent Pray, Bar No. 91228
Christian W. Frank, Bar No. 01219
PRAY LAW FIRM, P.A.
P. O. Box 94224
N. Little Rock, AR 72190
(501) 771-7733

**Ally Financial**
P.O. Box 380901
Minneapolis, MN 55438-0901

**Ally Financial**
C/o the Corporation Co
124 W. Capitol Ave.
Suite 1900
Little Rock, AR 72201

**AMEX**
PO Box 981540
El Paso, TX 79998

**Arkansas Children's Hospital**
PO BOX 8088, Slot 672
Little Rock, AR 72203

**Arkansas Fertility & Gyn Assoc**
9101 Kanis Rd/Ste 300
Little Rock, AR 72205

**Ashley Fields, DDS**
24 Spring Street, Ste. B
Cabot, AR 72023

**Bank of Missouri/Total Visa**
P O Box 85710
Sioux Falls, SD 57118

**Bank of the West**
Nandita Bakhshi CEO
180 Montgomery Street
San Francisco, CA 94104

**Barclays Bank Delaware**
P.O. Box 8803
Wilmington, DE 19899

**Bridgecrest Credit Co**
7300 E Hampton Ave/Ste 101
Mesa, AZ 85209

**Bridgecrest Credit Company**
C/o Corporation Service Co
300 Spring Bld, Ste 900
300 S. Spring
Little Rock, AR 72201

**Cabot Emergency Hospital**
Tyvan Billing
PO Box 3070
Bellaire, TX 77402-3070

**Capital One**
P.O. Box 60599
City of Industry, CA 91716-0599

**Celtic Bank**
P O Box 4499
Beaverton, OR 97076

**Citi**
PO Box 183041
Columbus, OH 43218-3041

**Coastl/prosp**
Attn: Bankruptcy Dept
211 Main Street, ste. 400
San Francisco, CA 94105

**Comenity Bank/VCTRSSEC**
PO Box 182789
Columbus, OH 43218-2789

**Comenity Capital/Ulta**
P O Box 182120
Columbus, OH 43218

**Continental Finance**
PO Box 30034
Tampa, FL 33630

**Continental Finance Co**
PO Box 8099
Newark, DE 19717

**Credit One**
P. O. Box 60500

City Of Industry, CA 91716

**Discover**
Attn: Bankruptcy Dept
PO Box 30943
Salt Lake City, UT 84130

**Farm Bureau**
10720 Kanis Road
PO Box 31
Little Rock, AR 72203-0031

**First Digital Card**
PO Box 85650
Sioux Falls, SD 57118

**First National Bank**
P. O. Box 7428
Overland Park, KS 66207

**First Premier**
PO Box 5147
Sioux Falls, SD 57117

**Fortiva**
P O Box 105555
Atlanta, GA 30348-5555

**Genesis Credit**
Bankcard Services
P.O. Box 4499
Beaverton, OR 97076-4499

**Genesis FS Card Services**
P O Box 4477
Beaverton, OR 97076-4477

**Graves County Investments**
PO Box 648
Mayfield, KY 42066

**Mission Lane, LLC**
PO Box 105286
Atlanta, GA 30348-5286

**NMAC**
PO Box 650424

Dallas, TX 75266

**NMAC**
PO Box 660366
Dallas, TX 75266

**NPRTO-Mid-West**
256 W Data Dr
Draper, UT 84020

**Ollo Card Services**
P O Box 9222
Old Bethpage, NY 11804

**Performance Finance**
1515 W. 22nd
Suite 100W
Oak Brook, IL 60523

**Performance Finance**
C/o Craig Griffith
1515 W. 22nd
Oak Brook, IL 60523

**Performance Finance**
P O Box 5108
Oak Brook, IL 60523-5108

**Searcy Medical Center**
2900 Hawkins Dr
Searcy, AR 72143

**Sequium Asset Solutions, LLC**
1130 Northchase Pkwy Ste 150
Marietta, GA 30067

**Southern Gas Federal CU**
PO Box 95043
Little Rock, AR 72295

**Southern Paramedic Services**
P.O. Box 88
Brinkley, AR 72021

**St. Vincent Medical Group**
PO Box 23410

Little Rock, AR 72221

**SYNCB/Paypal**
Banklrupcty Department
PO Box 965060
Orlando, FL 32896-5060

**synch/venmo**
PO Box 965015
Orlando, FL 32896

**Synchrony Bank/Amazon**
PO Box 960013
Orlando, FL 32896

**T-Mobile**
P O Box 742596
Cincinnati, OH 45274

**T-Mobile**
American Infosource
4515 N Santa Fe Avenue
Oklahoma City, OK 73118

**Unity Health/Harris Med Ctr**
PO Box 1
Searcy, AR 72145

**US Bank**
PO Box 5229
Cincinnati, OH 45201

**US Bank Mortgage**
Attn Bankruptcy
4801 Frederica St.
Owensboro, KY 42301

**Vivint**
4931 No 300 W
Provo, UT 84604

**White County Medical Center**
3214 East Race
Searcy, AR 72143